FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 MAY 17 P 3 03
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TREVOR DORSETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-012 |
| | ) | |
| ERIC HOLDER, JANET NEPOLITANO, | ) | |
| ALFONSO AGUILAR, and WALT | ) | |
| WELLS, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 5). The Magistrate Judge recommended that the instant petition for a writ of habeas corpus, ostensibly brought pursuant to 28 U.S.C. § 2241, be dismissed for lack of subject matter jurisdiction. In particular, the Magistrate Judge reasoned the Court had no jurisdiction because the petition represented an attempt to use § 2241 to bypass the proper procedure for asserting a derivative citizenship claim. (Doc. no. 3, pp. 3-5.) The Magistrate Judge also found that jurisdiction was lacking because the sole proper respondent in this case – Respondent Wells, the Warden at Petitioner's place of confinement – could not provide the relief sought, which was the issuance of a certificate of citizenship. (Id. at 5-6.)

In his objections, Petitioner contends that he automatically became a citizen upon his father's naturalization and therefore should not have to follow the procedures for asserting

a claim of derivative citizenship referred to in the R&R. (Doc. no. 7, pp. 1-2.) Petitioner also contends that, contrary to the Magistrate Judge's analysis, federal district courts have jurisdiction over "habeas citizenship claims." (Id. at 2.) Furthermore, Petitioner asserts that the relief sought in his petition is not limited to a request for the issuance of a certificate of citizenship, in that he also challenges his confinement at McRae Correctional Facility, which he characterizes as "a facility that is designed to house only non-citizen and deportable aliens." (Id. at 3.)

Upon consideration, the Court finds that Petitioner's objections lack merit. As discussed in detail in the R&R, there is an extensive statutory and regulatory framework for the assertion of claims of derivative citizenship. See 8 U.S.C. §§ 1503(a) & 1252(b)–(d); 8 C.F.R. §§ 341.1 & 322.5(b). Until such procedures are exhausted, federal judicial review of a derivative citizenship claim is unavailable. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). Moreover, § 2241 does not provide a basis for bypassing these administrative procedures; the jurisdictional exhaustion requirement applicable to derivative citizenship claims applies with equal force in the context of habeas corpus proceedings. Id. In addition, the cases that Petitioner cites in support of his contention that federal district courts have jurisdiction over "habeas citizenship claims" are inapposite. Two of the cases he cites – Dragenice v. Ridge, 389 F.3d 92 (4th Cir. 2004), and INS v. St. Cyr, 533 U.S. 289 (2001) – were superceded upon enactment of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005). See Iasu v. Smith, 511 F.3d 881, 886 (9th Cir. 2007) ("Effective May 11, 2005, the REAL ID Act responded to St. Cyr by eliminating all district court habeas jurisdiction over orders of removal."); Jordon v. AG of the United States, 424 F.3d 320, 326 (3d Cir. 2005) (noting that the REAL ID Act's amendments to 8 U.S.C. § 1252 superceded prior case

law on the issue of federal jurisdiction over citizenship claims in habeas corpus proceedings). The other cases Petitioner cites – <u>Bagot v. Ashcroft</u>, 398 F.3d 252 (3d Cir. 2005), and <u>Rivera v. Ashcroft</u>, 394 F.3d 1129, 1134 (9th Cir. 2005) – are also inapplicable. Aside from the fact that these cases are not binding authority in this Circuit, they both deal with the review of citizenship claims made in removal proceedings that culminated in deportation. See <u>Bagot</u>, 389 F.3d at 255; <u>Rivera</u>, 394 F.3d at 1136. Here, in contrast, Petitioner does not face deportation without the possibility of judicial review of his claim to citizenship; indeed, he does not allege that he has been subjected to removal proceedings.

Finally, Petitioner's contention that jurisdiction under § 2241 is available because the relief sought in his petition is not limited to a request for the issuance of a certificate of citizenship is also without merit. As noted by the Magistrate Judge, Petitioner's challenge to his place of confinement is totally dependent upon his citizenship claim, which is not properly before the Court. Petitioner's remaining objections are likewise without merit and do not warrant departing from the conclusions in the R&R. Thus, Petitioner's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the petition filed pursuant to § 2241 is **DISMISSED**, Petitioner's motion to proceed *in forma pauperis* is **DENIED AS MOOT** (doc. no. 2), and this civil action is **CLOSED**.

SO ORDERED this 17th day of May, 2011, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

3